UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VALERIE WEST, ET AL. | : | CIVIL NO.  2: 83-CV-366(RNC)(HBF) |
| V. | : | |
| COMMISSIONER MANSON, ET. AL. | : | MARCH 31, 2017 |

**DEFENDANTS' MOTION TO IMMEDIATELY TERMINATE PROSPECTIVE INJUNCTIVE RELIEF PURSUANT TO 18 U.S.C. § 3626 (b)(2). AS TO SECTION IX, PARAGRAPH 2 OF THE 1989 CONSENT JUDGMENT**

The defendants, Scott Semple, Commissioner of Correction, et al., respectfully move to immediately terminate Section IX, paragraph 2, of the Consent Judgment entered January 9, 1989, by Judge Nevas. (**Exhibit A**, attached).  This prospective injunctive relief is not constitutionally required under the Supreme Court's access to court doctrine, as explained in *Lewis v. Casey,* 518 U.S. 343 (1996), and further, was approved, "in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626 (b)(2). Accordingly, because there is an absence of such a finding and there have been significant intervening changes of fact and in the law, the defendants are entitled to "the immediate termination" of section IX, ¶ 2, of the January 9, 1989, Consent Judgment in this case. In effect, this immediate termination will eliminate the one full-time attorney "to represent CCIN inmates" in family matters.  At present "CCIN" no longer exists in name; there is a relatively newly constructed correctional facility, York CI, and this new facility has a library, with some legal resources. Unlike the old CCIN, which had no library, this requirement of

the Consent Judgment, for an attorney to represent women inmates in family matters, is not only not required as a matter of constitutional law, it also has been found, at least in the context of two court decisions denying the Commissioner of Correction's motions to dismiss, to state a colorable Equal Protection violation vis a vis male inmates, who do not have the same provision of legal services. *See e.g. Harnage v. Schulman*, KNL- CV-12-5014356, J.D. of New London, (Conn. Super Ct. Dec. 23, 2013)(**Exhibit B**, attached); *Harnage v. Dzurenda*, 176 F. Supp. 3d 40 (D. Conn. 2016).

In support of this motion, the defendants file an accompanying memorandum of law.

DEFENDANTS
Commissioner Scott Semple, Et Al.

GEORGE JEPSEN
ATTORNEY GENERAL

BY: */s/ Steven R. Strom*
Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct01211
E-mail: steven.strom@ct.gov
Tel.: 860-808-5450
Fax: 860-808-5591

## **CERTIFICATION**

I hereby certify that on March 31, 2017, a copy of the foregoing motion was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Steven R. Strom*
Steven R. Strom
Assistant Attorney General