UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Valerie West, et al.** | : | Civil No. 2: 83-CV-366 (RNC) (HBF) |
| | : | |
| **v.** | : | |
| | : | |
| **Commissioner Manson, et al.** | : | July 31, 2017 |

## JOINT MOTION FOR FINAL APPROVAL OF
## SETTLEMENT AGREEMENT

Pursuant to Fed. R. Civ. P. 23(e), the parties to this action, including the plaintiff classes of women who are or who in the future will be confined in Connecticut's correctional institution for women and the plaintiff class of children of these women (hereinafter "plaintiffs") and the Defendant Commissioner of the Department of Correction (DOC), in his official capacity (hereinafter "the defendant"), jointly move for the final approval of the Stipulation preliminarily approved by the Court on July 5, 2017, with one amendment as described herein.

In support of this motion, the parties state as follows:

1. The parties hereby incorporate by reference their "Joint Motion for Preliminary Approval of Settlement Agreement and Class Notice, To Set a Date for a Fairness Hearing, and Final Settlement Approval" and supporting joint brief, both filed on June 30, 2017 [DKT# 528].

2. As a result of the joint motion, on July 5, 2017, the court entered an Order preliminarily approving the Stipulation; approving the proposed notice and setting the manner and timeframe for notice to the plaintiff classes; setting the

1

manner and deadline, July 26, 2017, for written objections to or comments upon the proposed order; and setting August 2, 2017 at 10:00 AM as the date and time for the fairness hearing. [DKT # 525]

    3. Approval of this class settlement is warranted under the standards set forth in Fed. R. Civ. P. 23(e)(2). *In re Electronic Books Antitrust* Litigation, 639 Fed. Appx. 724, 726 (2d Cir. 2016). In the Second Circuit, "courts examine the fairness, reasonableness, and adequacy of a class settlement according to the *Grinnell* factors—considerations that [the Second Circuit] enunciated in *City of Detroit v. Grinnell Corp.,* 495 F.2d 448 (2d Cir.1974), *abrogated on unrelated grounds by Goldberger v. Integrated Resources, Inc.,* 209 F3d 43, 49–50 (2d Cir.2000)." *Id.* Specifically:

    a. Following arms-length negotiations, the parties have agreed to resolve the Defendant's Motion to Terminate Prospective Injunctive Relief [DKT # 491] through a private settlement agreement as defined in 18 U.S.C. § 3626(c)(2), as set forth in the proposed Stipulation.  Plaintiffs will not oppose defendant's Motion to Terminate Prospective Injunctive Relief with respect to Section IX, Paragraph 2 of the 1989 Consent Decree, and, in exchange, defendant has agreed to certain steps to make family law information available to incarcerated people in the DOC, through family law seminars and access to CTLawhelp.org materials.  The parties believe that resolution of this matter through negotiation, rather than through further lengthy and expensive adversarial litigation, is in the best interests of both the defendant and the plaintiff classes. The parties believe the proposed settlement of this action includes terms and conditions that are fair, reasonable,

and adequate. (See Exhibits A-E, Declarations of Attorneys Dan Barrett and Lynn Cochrane, Warden Antonio Santiago, and Attorneys Nicole Anker (DOC) and Barbara Claire (DCF)).

    b. Adequate notice has been provided to the plaintiff classes in accordance with the Court's July 5, 2017 Order.  The parties have taken the following actions to provide notice to the plaintiff classes:

    i. On or about July 6, 2017, plaintiffs' counsel provided the defendant with a Spanish translation of the Class Notice approved by the Court on July 5, 2017 (hereinafter "Class Notice"). (Declaration of Lynn Cochrane);

    ii. No later than July 7, 2017, the defendant posted the Class Notice approved by the Court on July 5, 2017 (hereinafter "Class Notice") in both Spanish and English on the DOC web site [www.doc.gov](www.doc.gov).  (Declaration of Nicole Anker);

    iii. No later than July 12, 2017, GHLA posted the Class Notice in both English and Spanish on its web site, [www.ghla.org](www.ghla.org). (Declaration of Lynn Cochrane);

    iv. On or about July 7, 2017, the defendant had the Class Notice in English and Spanish posted in the common areas of the housing units at York CI, and in the visiting room of York CI. (Declaration of Warden Santiago);

    v. On or about July 7, 2017, the defendant provided the Department of Children and Families (DCF) with copies of the Class Notice to post at DCF offices. (Declaration of Barbara Claire);

3

    vi. Plaintiffs' counsel provided copies of the Class Notice to Families in Crisis, the van service for families visiting York CC, and requested that FIC post the notice. However, FIC declined to post the Notice. During this time period, FIC also announced that, sadly, due to the State budget crisis, it will close its doors in September 2017. (Declaration of Lynn Cochrane);

    vii. On or about July 10, 2017, the Class Notice was posted in English and Spanish in the Greater Hartford Legal Aid (GHLA) waiting room, with a copy of the Stipulation available from the receptionist. (Declaration of Lynn Cochrane);

    viii. The Class Notice in English and Spanish has remained posted on the DOC and GHLA web sites; in the common areas of housing units and the waiting room at York CC; and at DCF offices, and will remain posted in those locations through the August 2, 2017 fairness hearing;

    4. Counsel for the plaintiffs have not received comments from members of the plaintiff classes regarding the Stipulation. (Declarations of Attorneys Dan Barrett and Lynn Cochrane).

    5. Counsel for the plaintiffs have received Proposed Amendments to the Joint Settlement Agreement Filed by Proposed Intervenor James A. Harnage. In response to these Proposed Amendments, they state:

    i. Counsel for the plaintiff classes and the defendants do not consent to the intervention of Mr. James Harnage in *West v. Manson*, a long-standing class action addressing conditions only at Connecticut's correctional center for women, in which plaintiff classes were certified decades ago, in the 1980s. Mr. Harnage is not a member of the certified plaintiff classes in *West* and he is not

confined at York CC. Nothing in the parties' private settlement agreement in *West* negatively affects any services currently available to inmates in facilities designated for men. Accordingly, plaintiffs' counsel do not consent to ¶¶ 1, 6, 7, 8, or 9 of Mr. Harnage's Proposed Amendments, which would consent to Mr. Harnage's intervention in *West*; insert male inmates into the Settlement Agreement; post Class Notices regarding the Settlement Agreement in the facilities designated for men; provide male inmates with an opportunity to appear at the fairness hearing and object; and require Mr. Harnage's approval of the Settlement Agreement as a proposed intervenor in *West*. This Settlement Agreement resolves litigation among the parties to *West* about a provision of a consent decree that covers only York CI and that serves only the plaintiff class of women. Changes to relief provided through the *West* consent decree do not affect Mr. Harnage and inmates housed in Connecticut's facilities designated for men;

      ii. Mr. Harnage's Proposed Amendment in ¶ 4 is not necessary, as nothing in the parties' agreement could supersede the statutory mandate for the appointment of counsel for parents who cannot afford counsel in matters involving termination of parental rights (TPR), Conn. Gen. Stat. § 45a-717(b). This statutory guarantee cannot be superseded by this Settlement Agreement. Moreover, the appointment of counsel in Child Protection matters is administered through Juvenile Court and the Office of the Public Defender, not through the contract attorneys hired by the defendant to provide civil and family legal services to inmates under the consent decree provision at issue in *West*;

5

        iii. The parties do not consent to Mr. Harnage's Proposed Amendment to the Settlement in ¶ 5, which seeks to memorialize in the Settlement Agreement much more specific detail regarding the family law seminars to be provided by the defendant. The parties believe that it is not helpful for this level of detail to be included in a Settlement Agreement, and that some amount of flexibility is required to ensure that these seminars can occur annually at all 15 DOC facilities. If problems or issues occur with the content of the seminars or with inmates' notice regarding or access to the seminars, plaintiffs' counsel can utilize the Dispute Resolution procedure in ¶ 5 to raise and resolve those issues as they arise;

        iv. The parties do agree to amend their private settlement agreement to remove the term "indigent" from ¶ 1 of the Settlement Agreement, pursuant to Mr. Harnage's suggestion in ¶ 2 of his Proposed Amendments. It is the intent of the parties that inmates' access to the family law seminars and CTLawHelp materials is not dependent on or restricted by the amount of money in their inmate accounts.

    WHEREFORE, the parties request that the Court enter an Order of Final Approval of the Settlement Agreement, striking the word "indigent" from ¶ 1, in accordance with the attached proposed Order.

**Respectfully submitted,**

**COUNSEL FOR THE PLAINTIFFS:**

**For the Plaintiff Class of Incarcerated Women:**
  **/s/ Dan Barrett**
**Dan Barrett (# ct29816)**
**American Civil Liberties Union Found. of Connecticut**
**765 Asylum Ave., 1st Floor**
**Hartford, CT 06105**
**Email: e-filings@acluct.org**
**Tel: (860) 471-8471**

**For the Plaintiff Class of Children:**
  **/s/ Giovanna Shay**
**Lynn Cochrane, Federal Bar No. ct20135**
**Giovanna Shay, Federal Bar No. ct26702**
**Linda Allard, Federal Bar No. ct28540**
**Greater Hartford Legal Aid**
**999 Asylum Ave., 3rd Fl.**
**Hartford, CT 06105-2465**
**Email: lcochrane@ghla.org**
**gshay@ghla.org**
**lallard@ghla.org**
**Tel: (860) 541-5000**
**Fax: (860) 541-5050**

**COUNSEL FOR THE DEFENDANT**

**/s/Steven R. Strom**
**Steven R. Strom**
**Assistant Attorney General**
**110 Sherman Street**
**Hartford, CT 06105**
**Federal Bar # ct01211**
**Email: steven.strom@ct.gov**
**Tel.: (860) 808-5450**
**Fax: (860) 808-5591**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Valerie West, et al.** | : | **Civil No. 2: 83-CV-366 (RNC) (HBF)** |
| | : | |
| **v.** | : | |
| | : | |
| **Commissioner Manson, et al.** | : | **July \_\_\_\_, 2017** |

**[PROPOSED] ORDER OF FINAL APPROVAL OF
PRIVATE SETTLEMENT AGREEMENT**

The parties' proposed Stipulation having been preliminarily approved by this Court on January 5, 2017; adequate notice having been made to the class members; and the parties having appeared at a fairness hearing pursuant to Fed. R. Civ. P. 23 (e) on August 2, 2017, this Court hereby finds that the settlement in the above-captioned matter is fair, reasonable and adequate. The word "indigent" is to be stricken from ¶ 1 of the Stipulation. Accordingly, the Settlement Agreement is APPROVED under Fed. R. Civ. P. 23, provided that the parties conform their agreement to this Order of Final Approval by removing the word "indigent" from ¶ 1.

**Dated: _____**      **_____**

**The Honorable Holly B. Fitzsimmons
United States Magistrate Judge**

## CERTIFICATE OF SERVICE

    I hereby certify that on July 31, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicted on the notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. The foregoing was served by mail on anyone unable to accept electronic filing, specifically the movant, seeking leave to intervene:

James Harnage, Inmate No. 149472
MacDougall Walker-CI
1153 East St. So.
Suffield, CT 06080

                                                                                  */s/Giovanna Shay*